IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sonny Lavoris Mack, | ) | Civil Action No. 4:11-02034-TLW |
| | ) | Criminal No. 4:08-1252-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Sonny Lavoris Mack. ("Petitioner" or "Defendant"). On June 2, 2009, a federal grand jury returned a seven (7) count superseding Indictment against Petitioner. (Doc. # 86). On June 30, 2009, Petitioner entered a plea of guilty to Count 1 of the superseding Indictment. (Doc. # 111). The Judgment entered on October 9, 2009, (Doc. # 130), and an Amended Judgment entered on June 21, 2010, (Doc. # 160), with this Court sentencing Petitioner to a term of two hundred forty (240) months imprisonment. (Doc. # 160). Petitioner did not pursue a direct appeal of that Amended Judgment.

Petitioner filed the present action on August 1, 2011 alleging several grounds for relief. (Doc. # 171). Petitioner had – on June 8, 2011 – moved this Court for an extension of time to file this action. (Doc. # 166). That request was not granted. On August 9, 2011, The United States of America ("Government") responded and moved to dismiss Petitioner's application as untimely. (Docs. # 172 and # 173). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed August 15, 2011 that he had thirty-four (34) days to

1

file any material in opposition to the Government's motion. (Doc. # 174).  Petitioner filed a reply

on September 20, 2011.  (Doc. # 177).  The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under

sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set

aside, or correct the sentence. The statute provides four grounds upon which such relief may be

claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United

States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence

was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject

to collateral attack.  28 U.S.C.A. § 2255.  Generally, "28 U.S.C. § 2255 requires [a] petitioner to

prove by a preponderance of the evidence that 'the sentence was imposed in violation of the

Constitution or laws of the United States, or that the court was without jurisdiction to impose

such sentence, or that the sentence was in excess of the maximum authorized by law.'"  Leano v.

United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)).  In Leano,

the District Court noted that this is "the proof needed to allege a constitutional error, and that

"[t]he scope of review of non-constitutional error is more limited than that of constitutional error;

a non-constitutional error does not provide a basis for collateral attack unless it involves 'a

fundamental defect which inherently results in a complete miscarriage of justice,' or is

'inconsistent with the rudimentary demands of fair procedure.'" 334  Leano, 334 F. Supp. 2d at

890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)).  In deciding a

28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. §

2255.  The Court has thoroughly reviewed the motions, files, and records in this case, liberally

construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short

and plain statement of the claim showing that the pleader is entitled to relief."  It has been noted

that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can

be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8."  Federal

Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009).  The

Supreme Court has recently held that "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

544 (2007)).  The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense."  Id.  The Court added that "the tenet that a

court must accept as true all of the allegations contained in the complaint is inapplicable to legal

conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice."  Id.

## DISCUSSION

In support of its motion to dismiss, the Government contends that Petitioner's motion for

relief pursuant to 28 U.S.C. § 2255 is time-barred because Petitioner filed it more than one year

after his conviction became final.  The Anti-Terrorism and Effective Death Penalty Act of 1996

("AEDPA") establishes a one-year period of limitation within which a petitioner must bring any

3

federal habeas corpus petition.  28 U.S.C. § 2255.  The limitation period shall run from the last of:

> (1) The date on which the judgment of conviction becomes final;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).  When there is no direct appeal, the judgment of conviction becomes final fourteen (14) days from the date that judgment is entered.  See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed. R. App. P. 4(b)(1)(A) (effective December 1, 2009 criminal defendants now have fourteen (14) days to notice an appeal).

Here, Petitioner filed no direct appeal of his Amended Judgment.  That Amended Judgment was entered on June 21, 2010.  (Doc. # 160).  The fourteen-day period provided for under Rule 4(b) of the Federal Rules of Appellate Procedure expired on or about July 6, 2010, and Petitioner's one-year limitation period to file under § 2255 expired one year later, on or about July 6, 2011.  As noted, Petitioner filed this § 2255 action on August 1, 2011.  (Doc. # 171).

In his reply memorandum, Petitioner attempts to justify the lateness of his filing under the doctrine of equitable tolling by arguing that extraordinary circumstances prevented a timely filing.  (Doc. # 177).  The circumstances that Petitioner cites are (1) lack of access to legal

materials while in custody in a county detention center; and (2) lack of cooperation from his prior counsel in helping him obtain documents and otherwise prepare a petition.  (Doc. # 177).

The Fourth Circuit recognizes that the statute of limitations governing § 2255 petitions is subject to a doctrine of equitable tolling that allows a federal court to forego a strict application of the limitations period in the interests of equity.  United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).  However, the doctrine does "not extend to garden variety claims of excusable neglect."  Rouse, 339 F.3d at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).   Rather, a petitioner may invoke relief under the doctrine in two generally distinct situations.  Harris, 209 F.3d at 330.  The petitioner must show either: (1) that the Government engaged in some form of wrongful conduct that prevented him from filing his motion; or (2) that "extraordinary circumstances" beyond his control made it impossible to file his motion on time.  See id.  In general, the doctrine is reserved for "rare instances where . . . it would be unconscionable to enforce the limitation against the party and gross injustice would result."  Id.

The grounds cited by the Petitioner here neither allege governmental impropriety nor rise to the level of "extraordinary circumstances."  See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling); Tucker v. Kingston, 538 F.3d 732, 734-35 (7th Cir. 2008) (lack of legal expertise and limited access to a prison law library are not grounds for equitable tolling); Dodd v. United States, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (prison conditions, such as transfers, lockdowns, or misplacement of legal papers, do not generally provide a basis for equitable tolling).

5

This Court does not find that exceptional circumstances beyond the Petitioner's control prevented him from filing his § 2255 action within the one-year statutory period.  Nor does this Court find that the lateness of Petitioner's filing should be excused based upon his June 8, 2011 request for an extension of time.  That request was never granted.  It therefore provided Petitioner with no basis upon which to file after the statutory deadline had passed.  Moreover, it is now the law in several federal circuits that where a petitioner moves for an extension of time to file under § 2255 but does not attach an actual § 2255 petition (or where, as here, the request for an extension lacks even the basic allegations sufficient to construe a § 2255 claim) then the district court lacks jurisdiction to decide the motion.  See United States v. Chenomusa N-Jie, 2010 WL 1490828 *2 (N.D.W.V.  April 13, 2010) (following Green v. United States, 260 F3d 78 (2d Cir. 2001); see also, United States v. McFarland, 2005 WL 768731 (5th Cir. April 6, 2005); United States v. Moore, 2003 WL 180000 (6th Cir. Jan. 24, 2003).

Petitioner's June 8, 2011 request for an extension of time contained no substantive allegations capable of construction or re-characterization by this Court as a claim for relief under § 2255.  The motion was therefore of limited legal significance.  It was not granted.  Nor did its filing serve to stay or toll the presumptive one-year limitation period for § 2255 actions.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**. (Doc. # 171).  Petitioner's motion for an extension of time to file is **DENIED**.  (Doc. # 166).  The Government's motion to dismiss is **GRANTED**.  (Doc. # 173).

6

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253. The Court concludes that it is appropriate to issue a certificate of appealability as to the issues raised herein.

**IT IS SO ORDERED**.

s/Terry L. Wooten_____
TERRY L. WOOTEN
United States District Judge

January 6, 2012
Florence, South Carolina